UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE RAMOS-BARAJAS,<br><br>Defendant. | Case No. 2:18-cr-0259-KJD-GWF<br><br>**ORDER** |

Before the Court is Magistrate Judge Foley's Findings and Recommendation (#35) on Defendant Jorge Ramos-Barajas's Motion to Dismiss (#22). Ramos-Barajas filed objections to that recommendation (#39), and the Government responded (#40). Magistrate Judge Foley heard argument on the Motion to Dismiss on March 12, 2019. He then ordered supplemental briefing on whether Ramos-Barajas was prejudiced during his 2012 removal proceeding when the Immigration Judge did not advise him of the ability to apply for discretionary relief from removal. (#35 at 3). The Government filed its supplemental brief (#33), and Ramos-Barajas replied (#34). After considering the parties' supplemental briefing, Magistrate Judge Foley concluded that Ramos-Barajas was not prejudiced because it was not plausible that he would have qualified for voluntary removal. He recommends that the Court deny Ramos-Barajas's Motion to Dismiss. The Court has conducted a de novo review under 28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court agrees with Magistrate Judge Foley and therefore adopts his findings and recommendation.

Ramos-Barajas's Motion to Dismiss turns on whether he suffered prejudice in his 2012 removal proceeding. He suffered prejudice if he can show that it was plausible that he could have received discretionary relief from removal. United States v. Raya-Vaca, 771 F.3d 1195, 1206 (9th Cir. 2014). While he need not prove that such relief was probable, Ramos-Barajas must

show more than a "theoretical possibility of relief." <u>Id.</u> at 1207 (internal quotations omitted) (citing <u>United States v. Reyes-Bonilla</u>, 671 F.3d 1036, 1050 (9th Cir. 2012)). Each defendant presents different positive and negative factors that support or impede discretionary relief. <u>United States v. Valdez-Novoa</u>, 780 F.3d 906, 917 (9th Cir. 2015). Positive factors could include the defendant's length of residence in the United States, his family ties within the United States, or humanitarian considerations. Negative factors include the defendant's criminal history and the likelihood that he would reoffend. The Court compares the specific facts of the defendant's case with similar defendants that received—or did not receive—discretionary relief from removal. <u>Id.</u> at 916.

Ramos-Barajas presented no positive factors to support discretionary relief. Rather, he argued that his minor criminal history—one prior drug charge—should not disqualify him. He cited to various cases where other defendants with more severe negative factors received discretionary relief. However, without a single positive factor to lean on, Magistrate Judge Foley distinguished those cases. As a result, he found that it was not plausible that Ramos-Barajas would qualify for voluntary removal and recommended that the motion to dismiss be denied. The Court sees no reason to disturb that finding.

IT IS THEREFORE ORDERED that the Magistrate Judge's Findings and Recommendation (#35) is **ADOPTED** and **AFFIRMED**, and defendant Jorge Ramos-Barajas's Motion to Dismiss (#22) is **DENIED**.

Dated this 16th day of May, 2019.

_____
Kent J. Dawson
United States District Judge